1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   EMILIO TARANGO,                          Case No.:  1:16-CV-00099 JLT

12              Plaintiff,                     ORDER GRANTING STIPULATION TO
                                               CONTINUE PRETRIAL CONFERENCE
13        vs.                                  DATE; ORDER SETTING SOME
                                               PRETRIAL  DATES
14   CITY OF BAKERSFIELD,                      (Doc. 30)

15              Defendant.

16

17

18        Based upon the stipulation of counsel, the Court **ORDERS**:

19        1.      The pretrial conference is **CONTINUED** to **<u>July 7, 2017</u>** at 8:30 a.m.;

20        2.      In advance of the pretrial conference, the Court sets the following deadlines:

21               a.      **<u>No later than June 30, 2017</u>**, the parties **SHALL** file a joint pretrial

22   conference statement addressing the requirements of Local Rule 281(b);

23               b.      **<u>No later than June 26, 2015</u>**, the parties **SHALL** exchange exhibit lists

24   via e-mail or fax.  A copy of any exhibit not previously disclosed, **SHALL** be provided with the

25   exhibit list;

26               c.      **<u>No later than June 26, 2015</u>**, the parties **SHALL** exchange witness lists

27   via e-mail or fax;

28               d.      Any party may file motions in limine.  The purpose of a motion in limine

is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

Any motions in limine must be filed with the Court **no later than July 14, 2017**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court **by July 28, 2017**. No replies are authorized. The Court sets a hearing on the motions in limine **on August 4, 2017**, at 9:30 a.m. Counsel may appear by teleconference by dialing (888) 557-8511 and entering Access Code 1652736 provided they provide notice of their intent to appear by telephone to SHALL@caed.uscourts.gov at least five days in advance of the hearing.

In advance of filing any motion in limine, counsel **SHALL** meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. **Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion**;

e.     The parties **SHALL** serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **August 4, 2017**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **July 21, 2017**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial.

///

///

///

**Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

   Dated:   __June 19, 2017__             ____/s/ Jennifer L. Thurston__
                                       UNITED STATES MAGISTRATE JUDGE