# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO TARANGO, | Case No.: 1:16-cv-00099 – JLT |
| Plaintiff, | PRETRIAL ORDER |
| v. | Deadlines: |
| CITY OF BAKERSFIELD, | Motions in Limine Filing: 7/14/2017 |
| Defendant. | Oppositions to Motions in Limine: 7/28/2017<br>Hearing on Motions in Limine: 8/4/2017<br>Trial Submissions: 8/4/2017 |
| | Jury trial: 8/14/2017 at 8:30 a.m., 5 day estimate |

Emilio Tarango is an employee of the City of Bakersfield. He asserts the City is liable for discriminating against him on the basis of his hearing impairment through a failure to accommodate his disability, denial of promotions and other privileges and treating him with deliberate indifference. The City denies the allegations of discrimination.

**A. JURISDICTION/ VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction for Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367. In addition, the events that gave rise to this action occurred in Bakersfield, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield. *See* 28 U.S.C. § 1391.

///

**B. JURY TRIAL**

The parties demanded a jury trial in this matter. (Doc. 1 at 13; Doc. 14 at 14)

**C. UNDISPUTED FACTS**

1. Plaintiff is a profoundly deaf individual.
2. Plaintiff's preferred language is American Sign Language.
3. Plaintiff was hired by the City on September 5, 1995, as a Fleet Service Worker I.
4. On March 1, 1999, Plaintiff was promoted to the position of Fleet Service Worker II.
5. On March 23, 2015, Plaintiff was promoted to the position of Fleet Mechanic I.
6. Plaintiff has been an employee of the City of Bakersfield for nearly 22 years and is still presently employed by the City.

**D. DISPUTED FACTS**

1. Plaintiff's primary language is American Sign Language.
2. Plaintiff has a limited ability to communicate via speech, reading, or writing.
3. Plaintiff requires an American Sign Language interpreter in order to participate in group meetings, meetings with management or supervisors, and trainings.
4. Plaintiff was only promoted in 2015, after 16 years since his last promotion, because he had complained to Human Resources about not being provided accommodation for his disability and because he had filed a complaint with the California Department of Fair Employment and Housing ("DFEH").
5. Plaintiff has been overlooked for new job opportunities that arise in his workplace despite his seniority over other younger, non-deaf co-workers.
6. Plaintiff has also been asked to train younger, non-deaf employees, who have then been promoted over him and given the ability to earn more pay.
7. Plaintiff has also been denied the opportunity to attend and to equally participate in classes and receive further training, unlike other non-disabled co-workers.
8. Throughout his employment, Plaintiff has made repeated requests for an ASL interpreter to facilitate effective communication, but these requests are routinely denied.
9. In particular, Plaintiff has been forced to attend mandatory meetings without the benefit

of an ASL interpreter.

10. Plaintiff has never been provided an ASL interpreter for safety classes, which he is forced to sit through with his other co-workers despite the fact that he is unable to hear or participate by asking questions or understanding co-workers' questions and the answers thereto.

11. Plaintiff has been subjected to exceptional scrutiny by his supervisors, who have treated him rudely and with deliberate indifference because he is deaf.

12. This treatment has caused Plaintiff to feel belittled, humiliated, ashamed, and completely isolated, which has also led to anxiety and depression.

13. Plaintiff has repeatedly advised Defendant about the Americans with Disabilities Act; that it is the law to provide him with Sign Language interpreters to ensure effective communication; that he does not feel Defendant has made any attempt to ensure reasonably equal treatment compared to his other younger, non-disabled co-workers; that he is losing out on promotional opportunities that he has requested; and that he is not being provided training with an ASL interpreter in order to be promoted and earn more pay.

14. Despite Plaintiff's best efforts, Defendant has treated Plaintiff in a way that is deliberately indifferent to his rights as a disabled individual, and has repeatedly failed to accommodate Plaintiff's disability.

15. The discriminatory behaviors hereinbefore described continue to the present day, and continue to cause Plaintiff to suffer embarrassment, violation of civil rights, emotional distress, and irreparable damage to his reputation and career prospects.

16. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

    a. loss of salary and other valuable employment benefits;

    b. prejudgment interest and interest on the sum of damages at the legal rate, and;

  c. other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

17. Whether Defendant failed to take reasonable steps to prevent discrimination,

harassment, and retaliation within the workplace.

18. Whether, and to what extent, Plaintiff is entitled to recover back-pay.

19. Whether, and to what extent, Plaintiff is entitled to recover front-pay.

20. Whether, and to what extent, Plaintiff is entitled to any form of compensatory damages for alleged emotional distress.

21. Whether, and to what extent, Plaintiff is entitled to secure injunctive relief.

22. Whether, and to what extent, Plaintiff is entitled to declaratory relief.

23. Whether Defendant can prove any and all of its affirmative defenses

**E.  DISPUTED LEGAL ISSUES**

None.

**F.  DISPUTED EVIDENTIARY ISSUES**

Both parties intend to file motions in limine regarding the evidence to be used at trial.

**Plaintiff:**

Plaintiff will file a motion in limine to exclude any testimony, documents, and/or other evidence regarding substance abuse pursuant Fed. R. Evid. 401 and 403. Plaintiff will also file a motion in limine regarding Defendant's abandoned or legally insufficient affirmative defenses.

**Defendant:**

Defendant anticipates filing motions in limine as to various topics, including but not limited to: evidence of any insurance held by the City which may pay any damages awarded to Plaintiff; to bar evidence of speculative damages; to bar punitive damages; to bar evidence of speculation as to the denial of any promotions which Plaintiff allegedly did not obtain in the context of the City's Civil Service statutes, rules and regulations; on the issue of what evidence should be allowed outside the context of the applicable statute of limitations; exclusion of testimony regarding any alleged lost wages sustained by or medical special damages allegedly incurred by Plaintiff;  no testimony from undisclosed experts; as to the financial condition of Plaintiff or Defendant; as to other actions filed against the Defendant; and, to preclude evidence not otherwise produced by Plaintiff in the context of written discovery responses. Defendant is also considering the propriety of other Motions in Limine at this point in time.

At the hearing, counsel agreed as to the following:

1. Evidence related to any insurance held by the City which may pay any damages awarded to Plaintiff will not be admitted;

2. Evidence related to punitive damages will not be admitted;

3. Because the City does not assert that it lacked sufficient financial resources to make changes, if any were required, by the Americans with Disabilities Act, evidence related to City will not be admitted. Further, evidence of the plaintiff's financial condition will not be admitted.

Consequently, these motions are **GRANTED** at this time.

**G. SPECIAL FACTUAL INFORMATION**

None.

**H. RELIEF SOUGHT**

**Plaintiff**

Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory damages; and attorneys' fees and costs. Specifically, Plaintiff seeks an injunction ordering the City to provide American Sign Language interpreters as necessary to enable him to enjoy equal opportunities and other privileges of employment in the workplace. Plaintiff seeks nominal damages in the event a jury finds liability but does not award compensatory damages.

**Defendant**

The City seeks dismissal of this case, costs, and attorneys' fees. (Doc. 14 at 14)

**I. ABANDONED ISSUES**

None.

**J. WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

///

**Plaintiff's Witnesses**

1. Emilio Tarango, Plaintiff
2. Judy Shepard-Kegl, Ph.D., Plaintiff's expert witness
3. Christine Tenter
4. Miguel Raya
5. Jane Garcia
6. Marlene Valdez

**Defendants' Witnesses**

1. Christi Tenter (Plaintiff designated witness)
2. Jaime Flores
3. Miguel Raya (Plaintiff designated witness)
4. Mike Vogel
5. Mike Rogers
6. Felix Romero
7. Stuart Patterson
8. Jena Covey
9. Adan Cuevas
10. John Adamson
11. Miguel Perez
12. Ray Garcia
13. Marlene Valdez (Plaintiff designated witness)
14. Raul Rojas
15. Nick Fidler
16. Matt Lawson
17. Ruben Martinez
18. Lisa McGranahan
19. Nancy Chaffin-Joy

*///*

**K.     EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**Plaintiff's Exhibits**

1. Email (PLA 29)
2. EEOC Documents (PLA 1–26)
3. Email (PLA 27)
4. Fleet Mechanic II Description (PLA 28)
5. Memorandum dated 12/29/14 (PLA 30 or D 59)
6. Employment Application (D 17–18)
7. Fleet Mechanic II Application (D 3-6)
8. Training Attendance Certificates (D 7-10)
9. Performance Reviews (D 50-58, 60-102, 76-127, 187-206)
10. Education Documents (D 231-237)
11. Payroll Documents (D 327-365)
12. Christi's Notes (D366-382)
13. EEOC Notice to Defendant (D 384)
14. Job Descriptions (D 386-395)
15. Recruitment Documents (D 396-399)

**Defendant's Exhibits**

1. Tarango Employment Application dated 2-17-95
2. Tarango Employment Application and attached materials dated 6-23-95
3. City of Bakersfield Correspondence to Tarango dated 7-13-95
4. Tarango Correspondence to City of Bakersfield dated 7-19-95
5. City of Bakersfield Correspondence to Tarango dated 7-25-95
6. City of Bakersfield Correspondence to Tarango dated 8-15-95

| | | |
|---|---|---|
| 7. | City of Bakersfield Correspondence to Tarango dated 9-1-95 | |
| 8. | Tarango Acknowledgment for City of Bakersfield Polices and Programs dated 9-5-96 | |
| 9. | Tarango Employment Application and attached materials dated 1-19-99 | |
| 10. | City of Bakersfield Correspondence to Tarango dated 1-21-99 | |
| 11. | City of Bakersfield Correspondence to Tarango dated 2-4-99 | |
| 12. | City of Bakersfield Correspondence to Tarango dated 2-10-99 | |
| 13. | Tarango Employment Application and attached materials dated 10-5-11 | |
| 14. | Tarango Employment Application and attached materials dated 3-11-15 | |
| 15. | Tarrango Employment Application and attached materials dated 5-12-14 | |
| 16. | City of Bakersfield Correspondence to Tarango dated 5-14-14 | |
| 17. | Tarango Performance Appraisal for 9-5-96(sic) to 3-5-96 | |
| 18. | Tarango Performance Appraisal for 3-5-97 to 3-5-97 | |
| 19. | Tarango Performance Appraisal for 3-5-97 to 3-5-98 | |
| 20. | Tarango Performance Appraisal for 3-5-98 to 3-1-99 | |
| 21. | Tarango Performance Appraisal for 3-1-99 to 9-1-99 | |
| 22. | Tarango Performance Appraisal for 9-1-99 to 3-1-00 | |
| 23. | Tarango Performance Appraisal for 3-1-00 to 3-1-01 | |
| 24. | Tarango Performance Appraisal for 3-1-01 to 3-1-02 | |
| 25. | Tarango Performance Appraisal for 3-1-02 to 3-1-03 | |
| 26. | Tarango Performance Appraisal for 3-1-03 to 3-1-04 | |
| 27. | Tarango Performance Appraisal for 3-1-04 to 3-1-05 | |
| 28. | Tarango Performance Appraisal for 3-1-07 to 3-1-08 | |
| 29. | Tarango Performance Appraisal for 3-1-08 to 3-1-09 | |
| 30. | Tarango Performance Appraisal for 3-1-09 to 3-1-10 | |
| 31. | Tarango Performance Appraisal for 3-1-10 to 3-1-11 | |
| 32. | Tarango Performance Appraisal for 3-1-10 (sic) to 3-1-11 (sic) | |
| 33. | Tarango Performance Appraisal for 3-1-12 to 3-1-13 | |
| 34. | Tarango Performance Appraisal for 3-1-13 to 3-1-14 | |

|   |   |   |
|---|---|---|
| 1 | 35. | City of Bakersfield Performance Plan for 2/23/15 to 9/23/15 |
| 2 | 36. | Tarango Performance Appraisal for 3-23-15 to 9-23-15 |
| 3 | 37. | Tarango Performance Appraisal for 9-23-15 to 9-23-16 |
| 4 | 38. | Receipt and Acknowledgement for City of Bakersfield Handbook signed by Tarango dated 12-4-06 |
| 6 | 39. | Tarango Acknowledgment for City of Bakersfield Policies and Programs dated 12-4-06 |
| 7 | 40. | City of Bakersfield Job Descriptions for Fleet Service Worker I; Fleet Service Worker II; Fleet Mechanic I; Fleet Mechanic II; Fleet Mechanic III |
| 9 | 41. | City of Bakersfield Memo to Tarango dated May 24, 2006 re Notice of Termination with Attached Last Chance Agreement dated April 17, 2006 |
| 11 | 42. | City of Bakersfield Correspondence to Pete Rodriquez dated 6-26-2006 re request for Civil Service Trial Board Hearing for Tarango re Termination |
| 13 | 43. | DFEH Employment Discrimination Complaint filed by Tarango dated 10-24-06 |
| 14 | 44. | Email dated re City of Bakersfield providing ASL interpreters for Tarango DFEH Mediation |
| 16 | 45. | DFEH Settlement Agreement executed by Tarango dated 11-21-06 |
| 17 | 46. | Packet of Notes by Christi Tenter re meetings with Tarango re ADA issues and accommodations and E-Mail Communication re meetings and accommodation efforts |
| 19 | 47. | Recruitment Computer Notes re applications by Tarango |
| 20 | 48. | Notes written by Miguel Raya re meetings with Tarango in 2014 |
| 21 | 49. | City of Bakersfield Employee Handbook |
| 22 | 50. | City of Bakersfield Employment Posters |
| 23 | 51. | City of Bakersfield Job Postings for Position within Fleet Services from 2011 through 3/3/2015 |
| 25 | 52. | Miscellaneous Documents re Requests for Accommodation by Plaintiff |
| 26 | 53. | Miscellaneous Documents re Contracts for Interpreter Services retained by City of Bakersfield in connection with Tarango request for same or for other matters |
| 28 | 54. | City of Bakersfield Memo from Christi Tenter to Tarango dated 12-29-2014 re |

Interactive Process meeting

      55.     City of Bakersfield Memo re ADA Accommodation for Tarango dated 3-24-15

      56.     City of Bakersfield Memo re ADA Accommodation for Taragno dated 2-22-99

      57.     City of Bakersfield Memo re ASE Certifications to Tarango dated 10-29-99

      58.     Miscellaneous Documents relating to Medical Status Reports and Request for Time Off Work by Tarango which were accommodated by City of Bakersfield

      59.     List of Interview Questions for Fleet Mechanic I position 10-19-11 interview

      60.     Excerpts from National Institute for Automotive Service Excellence Website re ASE Certification Classes and Accommodation under the ADA

      61.     Deposition of Plaintiff Emilo Tarango

      62.     Emilio Tarango's Response to Request for Admissions served on Tarango by City of Bakersfield

      63.     Emilio Tarango's Response To Interrogatories served on Tarango by City of Bakersfield.

Based upon the Court's earlier order (Doc. 31) counsel were obligated to exchange all exhibits, not previously produced by June 26, 2015) On or before **July 19, 2017** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits. Counsel **SHALL** alert their opponent no later than 5:00 p.m. on **July 12, 2017** of any exhibits identified by their opponent that has not been previously provided. As to any exhibit not previously produced, the proponent of the evidence **SHALL** produce it, via email or overnight delivery so that it is received by **July 14, 2017**.

      1.     At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.</u>

      2.     At the conference, counsel shall identify any duplicate exhibits, i.e., any document

which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). As to any "Shared Exhibits," which are exhibits that both parties would like marked but to which there may be objections to their introduction, they will be appropriately marked, i.e., as SE, and will be indexed as such on the index provided in the Shared Exhibit binder. At trial, the proponent of the exhibit will be obligated to lay the proper foundation for the exhibit unless there is a stipulation to admit the exhibit without a further showing.

Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint or shared exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

///

|   | | **INDEX OF EXHIBITS** | | |
|---|---|---|---|---|
| | | **ADMITTED** | **OBJECTION** | **OTHER** |
| **EXHIBIT#** | **DESCRIPTION** | **IN EVIDENCE** | **FOUNDATION** | **OBJECTION** |

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **August, 11, 2017.** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L. DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff's Documents**

1. Requests for Admission #1, #3, #4, #6, #10, #15.

2. Interrogatories #1, #3, #4, #5, #6, #7, #10, #14,#15, #16, #17, #18

3. Plaintiff reserves the right to read any part of the testimony from the depositions of the City of Bakersfield, conducted on July 19, 2016 (through Christi Tenter), and deposition of Miguel Raya, conducted on July 20, 2016, for any purpose authorized by Fed. R. Civ. P. 32(a).

///

**Defendants' Documents**

1. Responses to Requests for Admissions, Request Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 38, 39, 40, 61, 62, 63, 64, and 65, and Interrogatories Nos. 1 through 23, inclusive.

2. Portions of Plaintiff's Deposition taken on December 22, 2016 for purposes of introducing the same as evidence during the trial. Defendant additionally reserves the right to read other portions of the depositions taken in this case, including those of Christi Tenter and Miguel Raya to be introduced as evidence in the trial.

**M. FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party.

**N. MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

Counsel are reminded that a motion in limine is an evidentiary motion; it is not a dispositive motion. Luce, at 40, n. 2. Courts look with disfavor upon presenting dispositive motions in the guise of motions in limine. See Shewbridge v. El Dorado Irrigation Dist., 2007 U.S. Dist. LEXIS 31535, at *11 (E.D.Cal. Apr. 30, 2007).

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **July 14, 2017**. The motion must clearly

identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **July 28, 2017**. The Court sets a hearing on the motions in limine on **August 4, 2017**, at 9:30 a.m. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

The parties are reminded they may still object to the introduction of evidence during trial.

**O.　STIPULATIONS**

1. Plaintiff requests stipulations on the following issues of law:

    a. Plaintiff is a qualified individual with a disability.

    b. Defendant is an employer within the meaning of the Americans with Disabilities Act and the California Fair Employment and Housing Act.

    c. Defendant is a recipient of Federal Financial Assistance within the meaning of the Rehabilitation Act.

    d. Plaintiff has exhausted all administrative remedies required by law.

2. Defendant requests stipulations on the following matters:

    a. That the parties have agreed upon all aspects of remedial measures as a result of a mediated settlement.

    b. That Plaintiff did not personally file any charge of discrimination, harassment or retaliation with the EEOC as against Defendant.

    c. That Plaintiff did not personally file any charge of discrimination, harassment or retaliation with the DFEH as against Defendant.

    d. That Plaintiff did not personally sign under penalty of perjury any charge of discrimination, harassment or retaliation he filed with the EEOC as lodged against Defendant.

    e. That the EEOC did not conduct any form of mediation in connection with any charges of discrimination, harassment or retaliation filed against the Defendant by Plaintiff.

    f. That Plaintiff did not file any charges of discrimination, harassment or retaliation with the EEOC until March 24, 2015.

    g. That Plaintiff did not file any changes of discrimination, harassment or retaliation with the DFEH until March 24, 2015.

    h. That Plaintiff had previously filed charges of discrimination, harassment and retaliation against the Defendant based upon his alleged disability, to wit, deafness, with the DFEH on October 24, 2006.

    i. That Plaintiff had signed a written settlement agreement with Defendant as to all charges of discrimination, harassment and retaliation lodged against the Defendant by Plaintiff with the DFEH which Plaintiff had filed on October 24, 2006.

**P. AMENDMENTS/ DISMISSALS**

None.

**Q. SETTLEMENT NEGOTIATIONS**

The Court sets a settlement conference on **July 28, 2017** at 11:00 a.m. in Courtroom 6, before the Honorable Michael J. Seng. The conference will occur at the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA.

  1. Unless otherwise permitted in advance by the Court, the attorneys who will try the case **SHALL** appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on terms discussed at the conference.

  2. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference:

    a. <u>**No later than July 14, 2017**</u>, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a **meaningful**[1] settlement demand which includes a brief explanation of why such a settlement is appropriate;

    b. Thereafter, no later than <u>**July 19, 2017**</u>, Defendant **SHALL** respond via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate.

---

[1] "Meaningful" means an offer that is reasonably calculated to settle the dispute. "Meaningful" is not an offer that the party knows has no hope of settling the dispute.

  c. If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement.

  d. <u>**No later than July 21, 2017**</u>, the parties shall submit, directly to Judge Seng's chambers by e-mail to MJSOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon;

  e. The Confidential Settlement Conference Statement shall include the following:

   i. A brief statement of the facts of the case;

   ii. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute;

   iii. A summary of the proceedings to date;

   iv. An estimate of the cost and time to be expended for further discovery, pretrial and trial;

   v. The relief sought;

   vi. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**R. AGREED STATEMENT**

None.

**S. SEPARATE TRIAL OF ISSUES**

None.

**T. APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U. ATTORNEYS' FEES**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

## V. TRIAL DATE/ ESTIMATED LENGTH OF TRIAL

Jury trial is set for **August 14, 2017**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 5-7 days.

## W. TRIAL PREPARATION AND SUBMISSIONS

### 1. Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **August 11, 2017**.

### 2. Jury Voir Dire

The parties **SHALL** file their proposed voir dire questions, in accordance with Local Rule

### 3. Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **July 19, 2017.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **July 26, 2017**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **August 4, 2017**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **August 4, 2017,** and identify such as the disputed jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's,

defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

## X. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## Y. MISCELLANEOUS MATTERS

<u>**No later than noon on July 10, 2017**</u>, counsel for the plaintiff **SHALL** review his email communications and whatever other sources necessary to confirm that the remedial measures set forth in the document presented to counsel at the pretrial hearing are those that the plaintiff last proposed at the April mediation before Justice Vartebedian. Plaintiff **SHALL** communicate to defense counsel b<u>**y noon on July 10, 2017**</u> either confirmation that these were the measures both sides agreed to or present proof that these were not the terms.

## Z. COMPLIANCE

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

   Dated: __**July 7, 2017**__             __**/s/ Jennifer L. Thurston**__
                                                            UNITED STATES MAGISTRATE JUDGE