# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO TARANGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD,<br><br>　　　　　Defendant. | Case No.: 1:16-cv-0099 - JLT<br><br>CONSENT DECREE RE: SETTLEMENT OF EQUITABLE RELIEF CLAIMS |

Plaintiff EMILIO TARANGO ("Plaintiff" and/or "Tarango"), and Defendant CITY OF BAKERSFIELD, ("Defendant"), by and through their counsel of record herein, stipulate as follows:

WHEREAS, Plaintiff filed the above entitled action alleging that he had been denied certain accommodations in accordance with his known disability, to wit, that he is deaf;

WHEREAS, Plaintiff alleged in the above entitled action that Defendant's practices in denying his certain accommodations were in violation of Title I of the Americans with Disabilities Act [42 U.S.C. § 12111 et seq.], Section 504 of the Rehabilitation Act [29 U.S.C. § 794], and the California Fair Employment and Housing Act [Gov. Code§ 12900 et seq.];

WHEREAS, Defendant contends that it actively endeavors to, and actually does accommodate all persons, including applicants and its employees, with respect to their known and disclosed disabilities, to all reasonable extent;

WHEREAS, Defendant contends that it did not deny Plaintiff any form of reasonable

1

accommodation at any point in time;

WHEREAS, nothing in this Consent Order of Partial Settlement shall be deemed a finding or an admission that Defendant has in any manner violated Plaintiff's rights as contained in the Constitutions, statutes, ordinances, rules, and regulations of the United States or the State of California;

WHEREAS, all parties believe that the best interests of Plaintiff will be advanced by a partial settlement of the plaintiff's equitable relief claims; and,

WHEREAS, the parties desire that the resolution of plaintiff's equitable relief claims for Plaintiff be set forth in a written document and ordered by the Court herein so that the same can be enforced as between the parties hereto.

IT IS HEREBY STIPULATED:

1. The City of Bakersfield ("COB") will provide a qualified ASL Interpreter(s) for all COB Safety and Training Meetings and all standard training sponsored by the COB involving Mr. Tarango's employment with COB.

2. COB will provide either ASL Interpreter(s) or Video Remote Interpreting ("VRI") Service for Mr. Tarango, whichever is most appropriate to ensure effective communication in the City's reasonable discretion, in connection any individual scheduled meetings with Mr. Tarango. To the extent that Mr. Tarango requests an emergency meeting with COB representatives, COB will attempt to secure such services in a timely manner before the meeting. Where COB has scheduled the subject meeting, it will inform Mr. Tarango in advance of such meeting whenever possible, and engage interpretation services in advance of the subject meeting.

3. COB will provide either ASL Interpreter(s) or VRI Service for Mr. Tarango, whichever is most appropriate in the City's reasonable discretion, in connection with all general COB meetings with City of Bakersfield Employees. This shall apply to situations in which the COB meets with employees in groups to discuss matters of general concern.. Where COB has scheduled the subject meeting, it will inform Mr. Tarango in advance of such meeting whenever possible, and provide interpretation services in advance of the subject meeting.

4. With respect to any daily communications between · Mr. Tarango and his supervisors/ coworkers, to the extent that Mr. Tarango has difficulty in such communications, COB will in good

faith make VRI available for Mr. Tarango's use to aid in such communications. In addition, if the nature of the subject impromptu and/or daily communications with Mr. Tarango will likely exceed fifteen (15) minutes, COB will make arrangements for use of VRI or ASL Interpretive Services to carry out such communications.

5. To the extent that the COB requires, sponsors, or offers to provide payment for outside training activities and programs which are specific to Mr. Tarango's assigned position, and the agency, program or entity providing such training does not offer sufficient accommodations of its own accord, COB will provide an interpreter or VRI services. The decision as to the provision of interpretation services or VRI shall be at the reasonable discretion of COB. This will not extend to programs or classes which Mr. Tarango may elect to pursue for his own personal improvement or in an effort to secure "promotions" or transfers to other COB positions (i.e. such as a college degree).

6. COB will provide an ASL interpreter or VRI where Mr. Tarango is required to attend a meeting with healthcare professionals at the request of COB, if it is practicable to do so in advance of such meeting, (i.e. exigent circumstances may not permit the retention of an ASL interpreter in advance of an emergency meeting). Where COB has scheduled the subject meeting separate for exigent circumstances, it will inform Mr. Tarango in advance of such meeting and that interpretation services will be provided.

7. COB will provide an ASL interpreter in connection with any testing or interviews for any promotions which Mr. Tarango has applied for at COB.

8. COB will take steps to provide training to relevant employees with COB, which shall include Mr. Tarango's supervisors and managers, along with HR representatives, relative to the policies and procedures addressed herein. Said training will include the circumstances under which interpretation services will be provided and how such services shall be secured when needed or required. All such individuals shall also be expressly informed that it is their responsibility to comply with these policies and procedures.

9. Where ASL interpreters will be used, such individuals shall be qualified ASL interpreters. Where VRI services are to be used, the VRI service shall comply with applicable ADA requirements.

IT IS FURTHER STIPULATED:

A. The terms and conditions of this Consent Order shall be deemed effective upon Order by this Court. The parties' obligations, rights and responsibilities shall commence within thirty (30) days of such Order. The Court shall enter an order for compliance with the terms and conditions as between the parties herein as part of the present proceedings.

B. Plaintiff shall have the right to move for enforcement of said accommodations as specified herein after providing Defendant with a minimum thirty (30) day notice of any alleged violation, and the Defendant shall have the opportunity to cure within that thirty (30) day period. Notice shall be provided to City of Bakersfield Human Resources officer by electronic mail with a follow up copy via United State Postal Service mail.

C. This Stipulation and the resulting Order is solely for purposes of resolving the equitable relief claims in this case, and does not reflect the position of the parties in any other judicial or administrative action or proceeding. This Stipulation and the resulting Order shall not be admissible in any other judicial or administrative action or proceeding. Nothing herein shall prevent the use of this Stipulation and resulting Order in connection with any motion filed to enforce the terms herein.

Respectfully submitted,

Date: August 7, 2017                                EISENBERG & BAUM, LLP

By: /s/Andrew Rozynski
Andrew Rozynski, Esq.
Attorneys for Plaintiff, Emilio Tarango

Date: August 9, 2017                                CLIFFORD & BROWN

By: /s/John R. Szewczyk
John R. Szewczyk, Esq.
Atttorneys for Defendant, City of Bakersfield

IT IS SO ORDERED.

Dated: **October 25, 2017**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE